# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DOUGLAS PHILLIP BUSH,
     Plaintiff,

     vs.

JUDGE ALICE BATCHELDER,
et al.,
     Defendants.

Case No. 1:14-cv-943

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Butler County Jail in Hamilton, Ohio, brings this civil rights action against the United States Court of Appeals for the Sixth Circuit, three Sixth Circuit judges and "Judge Forester," a United States District Judge for the Eastern District of Kentucky, who sits by designation on Sixth Circuit panels. (*See* Doc. 1, at PAGEID#: 1, 3). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against the following defendants:

the United States Court of Appeals for the Sixth Circuit; Sixth Circuit judges Alice Batchelder,

Judge Cole and Judge Guy; and Judge Forester.  (*See* Doc. 1, at PAGEID#: 1, 3).  Construing the

complaint liberally, and after taking judicial notice of two Sixth Circuit cases cited by plaintiff in

the caption of his complaint (*i.e.*, Case Nos. 10-2566 and 13-1818),[1] it appears that plaintiff  is

complaining about the following rulings that were made in the two cases:  (1) in Case No. 10-

2566, the denial on September 12, 2011 of plaintiff's Rule 60(b) motion to reopen a habeas

proceeding challenging a 2001 Michigan conviction, which was construed as a

second/successive petition for a writ of habeas corpus under 28 U.S.C. § 2254; and (2) in Case

---

1 This Court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)).

No. 13-1818, the denial on November 25, 2013 of plaintiff's motion for an order authorizing the district court, which had transferred the case to the Sixth Circuit, to consider a successive habeas corpus petition challenging the same Michigan conviction.   In Case No. 10-2566, Judges Cole and Forester were on the three-judge panel that denied plaintiff's Rule 60(b) motion, and in Case No. 13-1818, Judges Guy and Cole were on the panel that denied plaintiff permission to file a successive habeas petition.   In the complaint, plaintiff claims that he was denied due process, equal protection and "access to the courts" because the judges (1) "[r]efused to accept claims as true, unless or until proven not true"; (2) "[r]efused to engage and assess each of the 8 issues presented and supported by court documents"; (3) "[i]ssued blanket denials"; and (4) failed to adequately review his Rule 60(b) motion.  (*See* Doc. 1, at PAGEID#: 4).  Plaintiff also generally asserts a claim of "retaliation" for exercising his constitutional rights.  (*See id.*).  As relief, plaintiff seeks "summary judgment" and a "civil ruling," as well as $20,000,000 in "general damages" and $5,000,000 in "punitive damages."  (*Id.*, at PAGEID#: 5).

Plaintiff's complaint is subject to dismissal at the screening stage.  As an initial matter, to the extent that plaintiff seeks to bring an action against the United States Court of Appeals for the Sixth Circuit, his claim must fail.  As another lower court within the Sixth Circuit recently reasoned in an analogous case brought against a federal district court:

> The United States enjoys absolute sovereign immunity from suit except to the extent to which it has waived such immunity.  In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court found that the Fourth Amendment constituted a waiver of sovereign immunity in actions against federal officers sued in their individual capacities.  *Bivens* has not, however, been expanded to include actions against the United States itself, or against federal agencies, including the federal courts. . . . Accordingly, *Bivens* provides no basis for raising constitutional claims against the United States, the United States District Court, or the "federal legal system."

4

*Ward v. U.S. Dist. Court for the Western Dist. Of Tenn.*, No. 14-2707-T-DKV, 2015 WL

137204, at *1 (W.D. Tenn. Jan. 8, 2015).[2]

Furthermore, to the extent plaintiff brings *Bivens* claims against four federal judges, it is

well-settled that judicial officers are generally absolutely immune from civil suits for money

damages. *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014) (citing *Barnes v.*

*Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997), in turn citing *Mireles v. Waco*, 502 U.S. 9, 9

(1991) (per curiam); *Forrester v. White,* 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349

(1978)), *petition for cert. filed*, Nos. 14-877, 14A465 (U.S. Jan. 16, 2015). In the Sixth Circuit,

absolute immunity against federal judges extends to requests for injunctive and others forms of

equitable relief as well as to claims of damages. *Ward, supra*, 2015 WL 137204, at *1 (citing

*Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *Newsome v. Merz*, 17 F. App'x 343, 345

(6th Cir. 2001)) (dismissing on screening a prisoner complaint against a federal district court for

the alleged violation of the plaintiff's civil rights during a suppression hearing); *see also Arnold*

*v. Greeley*, No. 2:14cv58, 2014 WL 1878914, at *2 (W.D. Mich. May 12, 2014); *Duncan v. The*

*Dep't of Justice*, No. 2:07-10164, 2007 WL 1584198, at *3 (E.D. Mich. May 31, 2007). This

far-reaching protection was not adopted "for the protection or benefit of a malicious or corrupt

judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to

exercise their functions with independence and without fear of consequences." *Pierson v. Ray*,

386 U.S. 547, 554 (1967) (internal citation and quotation marks omitted); *see also Barnes*, 105

F.3d at 1115 (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993)) ("The

---

2 In *Ward*, the district court also found no "alternative basis" for the exercise of jurisdiction over the United
States. *Ward, supra,* 2015 WL 137204, at *2. In so finding, the court reasoned that even if the claims against the
district court could be construed as arising under the Federal Tort Claims Act, "judicial immunity" would apply to
bar review of any such claim. *See id.*

doctrine of judicial immunity is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'").

Given the "strong policy justifications for the doctrine," absolute judicial immunity can be overcome only when the plaintiff's claims are based on (1) non-judicial actions, such as administrative acts unrelated to judicial proceedings; or (2) "actions, though judicial in nature, [that are] taken in the complete absence of jurisdiction." *Bright*, 753 F.3d at 649 (quoting *Mireles*, 502 U.S. at 11-12). The Supreme Court has held that "whether an act . . . is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump,* 435 U.S. at 362). Absence of jurisdiction refers to the lack of subject matter jurisdiction. *See, e.g., Bradley v. Fisher,* 80 U.S. 335, 351-52 (1871) (distinguishing "excess of jurisdiction" from "the clear absence of all jurisdiction over the subject-matter"); *Bright*, 753 F.3d at 649 (quoting *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) (en banc), and *Barnes*, 105 F.3d at 1122) ("[o]nly in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity," whereas "[g]enerally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes"). Therefore, as the Supreme Court has also made clear, the immunity offered judicial officers in the performance of judicial duties is not overcome by allegations that they acted in "bad faith," maliciously, corruptly or even "in excess of . . . authority." *See Mireles,*502 U.S. at 11, 13 (and Supreme Court cases cited therein); *see also Bright*, 753 F.3d at 649-50 (citing *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001)) (holding that the district court erred in denying

6

absolute judicial immunity to the defendant judge with subject matter jurisdiction over the underlying criminal proceedings, who had engaged in actions that "were petty, unethical, and unworthy of his office").

In the instant case, plaintiff's claims, which are based solely on actions taken by the judges in ruling on his motions in Sixth Circuit Case Nos. 10-2566 and 13-1818, clearly pertain to the performance of tasks that were judicial in nature. Furthermore, plaintiff's allegations do not even remotely suggest that the judges lacked subject matter jurisdiction over those matters. Indeed, in affirming on appeal the district court's denial of plaintiff's Rule 60(b) motion in Case No. 10-2566, and denying plaintiff's motion in Case No. 13-1818 requesting authorization for the district court to consider a successive habeas petition, the Sixth Circuit judges acted within the scope of their official duties as judges and clearly had jurisdictional authority to preside over those matters.

This action is, therefore, appropriately subject to summary dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court. *Cf. Metzenbaum v. Nugent*, 55 F. App'x 729, 730 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint because the complaint brought against a judge entitled to "absolute judicial immunity" was "unsubstantial and absolutely devoid of merit"); *Forbush v. Zaleski*, 20 F. App'x 481, 482 (6th Cir. 2001) (same); *see also Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994)) (dismissing civil rights complaint for damages brought against federal judicial employees, including the clerks of court for the Sixth Circuit and a Kentucky district court); *Gregory v. United States*, No. 12-2693-STA-TMP, 2013 WL 3874752, at *6 (W.D. Tenn. July 25, 2013) (*sua sponte* dismissing complaint brought against a federal district court judge who refused to recuse himself

from a case and "issued unfavorable orders" in that case); *Thomas v. Armstrong*, No. 3:08cv229, 2008 WL 474065, at *2 (N.D. Ohio Feb. 19, 2008) (summarily dismissing complaint brought against a United States Magistrate Judge for issuing "sham legal process" when she signed a warrant for the plaintiff's arrest).

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 2/9/15

Karen L. Litkovitz
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DOUGLAS PHILLIP BUSH,
    Plaintiff,

    vs

JUDGE ALICE BACTHELDER, et al.,
    Defendants.

Case No. 1:14-cv-943

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc